**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Kirberg, | No. CV-20-01871-PHX-SPL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Daniel Kirberg's Application for Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 15). Defendant SSA filed an Answering Brief (Doc. 22), and Plaintiff filed a Reply (Doc. 23). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 13) and reverses the Administrative Law Judge's ("ALJ") decision (AR at 19-30) and remands this matter for a new hearing for the reasons addressed herein.

## I.    Background

Plaintiff filed an Application for SSI benefits on January 17, 2017, alleging a disability beginning on January 1, 2017. (AR 19). Plaintiff's claim was initially denied on April 25, 2017, and upon reconsideration on August 11, 2017. (*Id.*) A hearing was held before ALJ Marti Kirby on August 19, 2019. (*Id.* at 37-60). Plaintiff was 49 years old at the time of the hearing and held previous employment as a cab driver. (Doc. 15 at

2).  Plaintiff's Application was denied by the ALJ on September 5, 2019.  (*Id*. at 30).  Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed.  (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe mental impairments of bipolar disorder, personality disorder, and obsessive-compulsive disorder.  (AR 23).  While the ALJ noted that Plaintiff's severe impairments limited his ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with a number of limitations, and thus was not disabled.  (*Id*. at 25).

Plaintiff argues that the ALJ failed to give clear and convincing reasons to discount his symptom testimony; failed to give specific and legitimate reasons to reject the opinions of treating physicians, Dr. Belden and Dr. Kerr; erred in not giving germane reasons for discounting lay witness testimony; and erred in improperly considering VE testimony.  (Doc. 15).  The Commissioner argues that the ALJ's opinion is free of harmful error.  (Doc. 22).  Plaintiff seeks for his case to be remanded for an award of benefits, or alternatively for a new hearing and decision.  (Doc. 15).  The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

## II.    Legal Standards

An ALJ's factual findings "shall be conclusive if supported by substantial evidence."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).  The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.  *Id.*  Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Thomas v.*

1   *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).  In determining whether

2   to reverse an ALJ's decision, the district court reviews only those issues raised by the

3   party challenging the decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir.

4   2001).

5       To determine whether a claimant is disabled for purposes of the Act, the ALJ

6   follows a five-step process.  20 C.F.R. § 404.1520(a).  The claimant bears the burden of

7   proof on the first four steps, but the burden shifts to the Commissioner at step five.

8   *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  At the first step, the ALJ

9   determines whether the claimant is presently engaging in substantial gainful activity.  20

10  C.F.R. §404.1520(a)(4)(i).  At step two, the ALJ determines whether the claimant has a

11  "severe" medically determinable physical or mental impairment.  20 C.F.R. §

12  404.1520(a)(4)(ii).  At step three, the ALJ considers whether the claimant's impairment

13  or combination of impairments meets or medically equals an impairment listed in

14  Appendix 1 to Subpart P of 20 C.F.R. Part 404.  20 C.F.R. § 404.1520(a)(4)(iii).  If so,

15  the claimant is automatically found to be disabled.  *Id.*  At step four, the ALJ assesses the

16  claimant's RFC and determines whether the claimant is still capable of performing past

17  relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  If not, the ALJ proceeds to the fifth and

18  final step, where she determines whether the claimant can perform any other work in the

19  national economy based on the claimant's RFC, age, education, and work experience.  20

20  C.F.R. § 404.1520(a)(4)(v).  If not, the claimant is disabled.  *Id.*

21  **III.   Analysis**

22      Plaintiff argues that the ALJ failed to give clear and convincing reasons to

23  discount his symptom testimony; failed to give specific and legitimate reasons to reject

24  the opinions of treating physicians, Dr. Belden and Dr. Kerr; erred in not giving germane

25  reasons for discounting lay witness testimony; and erred in improperly considering VE

26  testimony.  (Doc. 15).  The Court will consider these issues in turn.

27  ///

28  ///

**A.      The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.**

Plaintiff argues that the ALJ did not give legitimate and convincing reasons supported by substantial evidence for discounting his subjective symptom testimony. (Doc. 15).   The Commissioner argues that the ALJ properly examined the medical evidence to determine that the record did not support Plaintiff's testimony as to the severity of the symptoms alleged.  (Doc. 22).

An ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged."   *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations omitted)).   "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).  However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains his decision "by providing specific, clear, and convincing reasons for doing so."   *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).

Here, Plaintiff testified to irritability, lack of motivation, occasional panic attacks, and heart palpitations, all stemming from his mental impairments.   (AR 279).   He testified that these symptoms prevented him from working.   (*Id.* at 45).   He also stated that he was impulsive when making decisions, but later clarified that difficulty with decision making only occurs "sometimes."   (*Id.* at 603).   The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but that the statements concerning the intensity, persistence, and limiting effects of those symptoms were not consistent with the medical evidence, including Plaintiff's own statements.   (*Id.* at 25).

The ALJ set forth multiple specific reasons supported by substantial evidence for discounting some of Plaintiff's subjective symptom statements. (*Id.*)  The ALJ discussed that Plaintiff benefitted from treatment of mental health counseling, individual therapy, and medication. (*Id.*)  Plaintiff acknowledged that he benefitted from treatment. (*Id.* at 778).  Plaintiff stated in July 2018 and November 2018 that he did not experience any side effects from his medication, had been showering every day, and was grocery shopping for himself and his father. (*Id.* at 765, 812, 814).  Plaintiff also stated he was more active, was considering joining a gym and taking cooking classes, and had continued symptom improvement as of January 2019. (*Id*. at 808).

Based on the above, the ALJ determined that Plaintiff's allegations of work-preclusive symptoms were not consistent with his testimony.  While Plaintiff argues that the ALJ focused on more recent medical records from 2018 and 2019 which showed symptom improvement, rather than records from closer to the onset of disability date which showed more disabling symptoms, Plaintiff has not provided any authority on how it was improper for the ALJ to do so.  In fact, it is the duty of the ALJ to consider the claimant's symptom testimony with all the evidence of record, not just evidence that supports Plaintiff's arguments.  20 C.F.R. § 416.929(a) (an ALJ is required to consider a claimant's symptoms "and the extent to which [the] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in the record); 20 C.F.R. § 416.929(c)(2), (4) (ALJ may use objective evidence to assess intensity and persistence of claimant's symptoms and how they may limit the ability to work).  The ALJ did not err here.

Plaintiff also argues it was error for the ALJ to question his motivation to work.  The ALJ stated that Plaintiff's spotty work history "does not demonstrate motivation for work activity." (AR 26).  The ALJ cited to a medical record where Plaintiff stated to a provider that he was not looking for work because he was not motivated to do so, and because he believed that he would be awarded disability. (*Id.* at 401-13).  It was not error for the ALJ to state that Plaintiff's motivation to work was questionable when the ALJ

cited to a record wherein Plaintiff stated so himself.  Moreover, to the extent that the ALJ would have erred if this was the only reason for discounting Plaintiff's symptom testimony, there was no error here as the ALJ cited to many reasons supported by substantial evidence for doing so.  *See Treichler*, 775 F.3d at 1099; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (holding that ALJ's reliance on invalid reasons to discredit claimant's testimony constituted harmless error where ALJ had also relied on valid reasons).

The ALJ included a thorough discussion of the evidence of record that contradicted Plaintiff's testimony as to work-preclusive symptoms.  Based on the above, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the alleged symptoms were not consistent with the medical evidence. The ALJ properly concluded that the reports in the medical record did not support Plaintiff's claims of disabling limitations, and therefore, properly found that the subjective symptom testimony was not persuasive.  *See Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The Court finds that the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony.  *See Brown-Hunter*, 806 F.3d at 488–89.

**B.    The ALJ erred in discounting the opinion of Dr. Belden.**

Plaintiff argues that the ALJ's reasons for giving less weight to the opinion of his treating physician, Dr. Beldon, were not specific and legitimate reasons based on substantial evidence.  (Doc. 15 at 13).

Dr. Belden, Plaintiff's primary care physician, opined that Plaintiff had severe limitations in relating to other people, responding appropriately to supervisors, coworkers, and work pressures, and severe limitations in maintaining daily activities. (AR 353-55).  The ALJ gave this opinion "limited weight" stating that the greater record failed to support severe limitations in mental functioning.  Plaintiff argues that the ALJ erred in discounting this opinion without providing specific and legitimate reasons for

doing so.  (Doc. 15 at 13).

When evaluating medical opinion evidence in cases filed prior to March 27, 2017, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are non-examining physicians.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Generally, opinions of treating physicians are entitled to the greatest weight; opinions of examining, non-treating physicians are entitled to lesser weight; and opinions of non-examining physicians are entitled to the least weight. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).[1]  While greater weight is generally afforded to treating physicians, a "treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 & n. 7 (9th Cir. 1989).  "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

When examining doctors "provide independent clinical findings that differ from the findings of the treating physician, such findings are themselves 'substantial evidence.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007) (*quoting Orn*, 495 F.3d 625, 632) (other citations omitted).  "As is the case with the opinion of a treating physician, the Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830–31.  "And like the opinion of a treating doctor, the opinion of an examining doctor, even

---

[1] The regulations provide that the amount of weight given to any medical opinion depends on a variety of factors, namely: whether the physician examined the claimant; the length, nature, and extent of the treatment relationship (if any); the degree of support the opinion has, particularly from medical signs and laboratory findings; the consistency of the opinion with the record as a whole; the physician's specialization; and "other factors." 20 C.F.R. §§ 404.1527(c)(1)–404.1527(c)(6).

if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

An ALJ meets the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). This means that an ALJ must "do more than state conclusions." *Id.* Rather, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* The Ninth Circuit requires this exacting standard "because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Id.* (*quoting Orn*, 495 F.3d at 633).

Here, Dr. Belden opined that Plaintiff had severe limitations in relating to other people, responding appropriately to supervisors, coworkers, and work pressures, and severe limitations in maintaining daily activities. Dr. Belden opined that these limitations would impact Plaintiff's ability to perform work-related activities. The ALJ gave Dr. Belden's opinion finding severe mental limitations "limited weight," stating that the greater record failed to support severe limitations in mental functioning. (AR 27). In doing so, the ALJ critiqued Dr. Belden's diagnosis of severe mental illness by stating that Plaintiff's symptoms "have responded to treatment and are not at disabling levels." (*Id.*) In making this finding, the ALJ did not cite to any support in the record. Neither does the ALJ cite to any support in the record for his statement that Dr. Belden's opinions are inconsistent with the greater medical record. This is harmful error.

While the Commissioner provides numerous citations to the medical record to bolster her arguments as to Dr. Belden, the ALJ did not cite to these records in weighing the medical opinion testimony and the Court cannot consider them as a basis to affirm the ALJ. S*ee Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ

on a ground upon which he did not rely."); *see also Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court reviews only the "reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking").

To reject the opinion of Dr. Belden, a treating physician, the ALJ needed to "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). The ALJ must "do more than state conclusions." *Id.* Here, the conclusory nature of the ALJ's findings as to Dr. Belden, a treating physician, were not proper. This is harmful error warranting reversal.

## C.    The ALJ erred in discounting the opinion of Dr. Kerr

Plaintiff next argues that the ALJ erred in rejecting the opinion of treating psychiatrist, Dr. Kerr. (Doc. 15 at 16-18). The Court agrees. Dr. Kerr opined that Plaintiff had moderately severe limitations in the areas of relating to others and responding appropriately to coworkers and severe limitations in deterioration in personal habits and responding to work pressures. (AR 612). In a single sentence, the ALJ gave this opinion "less weight," finding it was unsupported by the greater record and Dr. Kerr's progress notes which noted Plaintiff was "happier at that time." (AR 28).

The reference to Plaintiff being "happier" relates to his being happy that he had been declared "seriously mentally ill" and could therefore be approved for additional services. (*Id.* at 726). The ALJ does not explain how this note, or the fact that Plaintiff was happy that he could receive additional services by virtue of being deemed "seriously mentally ill" conflicts with Dr. Kerr's opinions of moderate to severe limitations in responding to coworkers, dealing with personal habits, and responding appropriately to work pressures.

Here again, the ALJ must "do more than state conclusions." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). The conclusory nature of the ALJ's findings as to Dr. Kerr, a treating psychiatrist, were not properly discounted. This is harmful error

warranting reversal.  The Court finds that the ALJ did not provide specific and legitimate reasons supported by substantial evidence in the record to give little weight to the opinion of Dr. Kerr.

### D.   The ALJ erred in the consideration of the lay witness testimony.

Plaintiff argues that the ALJ failed to give germane reasons to discount the opinion of his father.  (Doc. 15 at 19).  Nonmedical ("lay witness") sources may testify as to how a claimant's symptoms affect her activities of daily living and ability to work.  20 C.F.R. § 404.1529(a).  Such testimony is "competent evidence" that an ALJ may not disregard unless he gives "reasons germane to each witness for doing so."  *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

Here, the ALJ discussed and gave "partial weight" to written testimony from Plaintiff's father in a single sentence.  (AR 24).  The ALJ stated that Plaintiff's father's testimony was given partial weight based on the father's familiarity with Plaintiff, but that the record as a whole did not support that Plaintiff had any restrictions or limitations in excess of the RFC.  (*Id.*)  On this issue, the Court is unable to meaningfully review the ALJ's decision based on the lack of explanation or citation to the record.  It is not clear which statements the ALJ found to be compelling and which statements were not supported by "the record as a whole."  Moreover, the ALJ does not state any specific instances of inconsistencies between the lay witness opinion and any portion of the record.  The Court finds that the ALJ did not give a germane reason for giving only partial weight to this opinion.

### E.   Consideration of VE Testimony.

Lastly, Plaintiff argues that the ALJ erred in considering the testimony of the VE as to which jobs Plaintiff would be able to perform in the national economy.  (Doc. 15 at 19-22).  As the Court has found harmful error in the consideration of medical opinions from two treating physicians, and in the consideration of lay witness testimony, the ALJ will need to reconsider all of these opinions and hold a new hearing on the issue of disability.  Therefore, on remand, the ALJ will need to additionally take further testimony

of a VE as it relates to the reconsideration of the medical and opinion testimony as discussed herein.

**IV.    Remand for Further Proceedings**

Once a court has determined an ALJ's decision contains harmful error, the decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of the court.  *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989).  "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded.  Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate."  *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).  "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated."  *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (*citing Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated using the proper standards.  Therefore, the Court, in its discretion, finds that a remand for further proceedings is appropriate.

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a new administrative hearing, to allow the Commissioner to further evaluate the medical opinions and lay witness opinions, reevaluate Plaintiff's residual functional capacity in light of the reevaluation of the medical opinions, and issue a new decision.

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated this 3rd day of January, 2022.

Honorable Steven P. Logan
United States District Judge